UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CANDICE WHITE, on her own behalf and others similarly situated, : : : : | |
| Plaintiff, : : | CIVIL ACTION FILE NO. |
| v. : : | |
| BLUEPAY PROCESSING, LLC, an Illinois Limited Liability Company : : : : | |
| Defendant. : : | |

# COMPLAINT

1. Plaintiff, CANDICE WHITE (hereinafter referred to as "Plaintiff"), was an employee of Defendant, BLUEPAY PROCESSING, LLC, an Illinois Limited Liability Company, and brings this action on behalf of herself and other current employees and former employees of Defendant similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. In one or more work weeks during the three (3) year statute of limitations period between approximately June 2010 and February 2011, Plaintiff's

primary job duties were carrying out non-exempt, inside sales duties for Defendant in Fulton County, Georgia.

3. Defendant, BLUEPAY PROCESSING, LLC, is an Illinois Limited Liability Company that has at all times material to this Complaint been engaged in business in multiple locations, including at a location in Fulton County, Georgia as well as other locations in Illinois, Arizona, and Connecticut. It is the intent of this collective action to apply to all similarly situated employees regardless of location.

4. At all times material to this Complaint, BLUEPAY PROCESSING, LLC has provided credit card processing services to merchants, along with other financial services processing, through offices and/or call centers in Chicago, Illinois, Atlanta, Georgia, Phoenix, Arizona, and Farmington, Connecticut.

5. This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

7. At all times material to this Complaint, BLUEPAY PROCESSING, LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced

for commerce.

8. Based upon information and belief, the annual gross sales volume of BLUEPAY PROCESSING, LLC was in excess of $500,000.00 per annum at all times material to this Complaint.

9. At all times material to this Complaint, BLUEPAY PROCESSING, LLC was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. The additional persons who may become Plaintiffs in this action are Defendant's current and former non-exempt inside sales employees, however so titled, who have worked in excess of Forty (40) hours during one or more work weeks on or after approximately March 2008 at any of Defendant's locations nationwide but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

11. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during her employment with Defendant within the three (3) year statute of limitations period between approximately February 2010 and February 2011.

12. Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during

their employment with Defendant between March 2008 and the present.

13. However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her in one or more work weeks between March 2008 and the present.

14. Based upon information and belief, records of hours worked by Plaintiff and the other similarly situated employees within the three (3) year statute of limitations period are in the possession and custody of Defendant.

15. The complete records relating to compensation paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked for Defendant in excess of Forty (40) hours per work week between approximately February 2010 and February 2011.

18. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked for Defendant and were not

properly paid in one or more work weeks between March 2008 and the present.

19.   Defendant has knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their respective regular rates pay for all hours worked in excess of Forty (40) per week in one or more work weeks between March 2008 and the present.

20.   By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages, plus incurring costs and reasonable attorneys' fees.

21.   As a result of Defendant's willful violations of the Act, all Plaintiffs (the named  Plaintiff and those similarly situated to her) are entitled to liquidated damages.

22.   Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

23.   Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CANDICE WHITE, and those similarly situated to her who have or will opt into this action, demand judgment against Defendant, BLUEPAY PROCESSING, LLC, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which

they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## CERTIFICATION OF FONT TYPE AND SIZE

The undersigned counsel for Plaintiff hereby certifies that this **Complaint** has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

Dated: March 25, 2011                                     Respectfully submitted,

**WEINSTOCK & SCAVO, P.C.**

/s/ Louis R. Cohan
Louis R. Cohan
Georgia Bar No. 173357
Matthew R. Rosenkoff
Georgia Bar No. 842117
3405 Piedmont Road, N.E., Suite 300     *Attorneys for Plaintiff*
Atlanta, Georgia  30305
(404) 231-3999
(404) 231-1618 (facsimile)
Email: lcohan@wslaw.net
Email: mrosenkoff@wslaw.net